**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-03105-TUC-JCH (BGM) |
| Plaintiff, | |
| v. | **ORDER** |
| Calletano Torres-Gallegos, | |
| Defendant. | |

Currently pending before the Court is Defendant's Motion to Unseal the Affidavit of Search Warrant (Doc. 78). The Government has filed its response and Defendant Torres-Gallegos replied. Govt.'s Response to Def.'s Mot. to Unseal the Aff. of Search Warrant (Doc. 94); Def.'s Reply Re Mot. to Unseal the Aff. of Search Warrant (Doc. 96). Defendant Calletano Torres-Gallegos is charged with one (1) count of conspiracy to transport illegal aliens for profit and four (4) counts of transportation of illegal aliens for profit in violation of §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii), Title 8, United States Code. Indictment (Doc. 21).

Defendant seeks an Order unsealing the search warrant affidavit. *See* Def.'s Mot. to Unseal (Doc. 78). The Government observes that "[t]he search warrant affidavit established probable cause to search the defendant's cell phone; [and] there is no pending challenge to that probable cause determination." Govt.'s Response (Doc. 94) at 3. The Government further observes that "the affidavit contains information pertaining to an ongoing investigation." *Id.* The Government argues that because Defendant has not attempted to establish materiality, he is not entitled to disclosure of the affidavit. *Id.* at

2–3.

Defendant's motion does not offer any reason to unseal the search warrant affidavit, and in reply, only offers speculative and conclusory reasons. On October 31, 2019, Defendant was driving a semi-truck and was stopped at an immigration checkpoint on I-19 in Amado, Arizona. Compl. (Doc. 1). Defendant gave agents his consent to search the vehicle, and he was directed to the secondary inspection area. *Id.* Border Patrol Agent ("BPA") Grijalva performed an x-ray scan of the vehicle and noticed anomalies in the cab for the semi-truck. *See id.* BPA Grijalva physically inspected the truck and discovered three (3) individuals hiding underneath a mattress, as well as a fourth individual hiding in a cabinet behind the driver's seat. *See id.* Defendant was arrested.

"Probable cause exists if, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the individual had committed a crime." *United States v. Hernandez*, 322 F.3d 592, 596 (9th Cir. 2003) (citations omitted). Once the aliens were discovered, "a prudent person would have concluded that there was a fair probability that [Defendant] had committed a crime[,]" and Defendant's activity formed a basis to seek a warrant to search his cellular telephone for evidence regarding that crime. *See id.*; *see also Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014) (recognizing warrant requirement's applicability to cellular telephone searches). Defendant acknowledges that the Government has disclosed the contents of the phone, but he has not shown how the affidavit is material to his defense. Fed. R. Crim. P. 16(a)(1)(E). The Court finds that Defendant has not met his burden to justify unsealing of the warrant affidavit. Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Unseal the Affidavit of Search Warrant (Doc. 78) is DENIED.

Dated this 2nd day of April, 2021.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge