**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-03105-TUC-JCH (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Calletano Torres-Gallegos, | |
| Defendant. | |

Before the Court is Magistrate Judge Bruce G. Macdonald's Report and Recommendation ("R&R").

## I.    Procedural Background

On November 26, 2019, Defendant Calletano Torres-Gallegos ("Defendant") was indicted and charged with one (1) count of conspiracy to transport illegal aliens for profit and four (4) counts of transportation of illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii). (Doc. 21.) On February 16, 2021, Defendant filed a Motion and Memo to Suppress Non-Mirandized Statements ("Motion"). (Doc. 76.) On March 24, 2021, after a full briefing, Magistrate Judge Macdonald held an evidentiary hearing on Defendant's Motion. (Doc. 97.)

On April 2, 2021, Magistrate Judge Macdonald issued his R&R recommending that the district court grant Defendant's Motion. (Doc. 102.)

…

…

## II.    Standard of Review

The duties of the district court in connection with a report and recommendation are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). Where the parties object to a report and recommendation, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the report specified proposed findings or recommendations to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (quoting 28 U.S.C. § 636(b)(1)).

When no objection is filed, the district court need not review the report and recommendation *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of Judge Macdonald's R&R and afforded an opportunity to object. No objections were filed and the time for objecting has passed. The Court will not consider any new arguments or evidence.

## III.    The Report and Recommendation

Defendant's charges stem from an immigration checkpoint inspection of a 2013 Freightliner tractor-trailer (the "Truck") that he was driving on October 31, 2019 on I-19. (Doc. 102 at 2.) At the secondary inspection area, Border Patrol Agent ("BPA") Grijalva performed an x-ray scan of the Truck and noticed anomalies in the cab. *Id*. After obtaining Defendant's consent to search the Truck, BPA Grijalva determined the anomalies were individuals hiding underneath a mattress. BPA Grijalva radioed to BPA Cameron to place Defendant under arrest. As BPA Cameron was placing Defendant in handcuffs, BPA

Cameron asked him in Spanish, "How many people are in the truck?" *Id*. Defendant replied, "Four." (Doc. 102 at 2.)

In his R&R, Judge Macdonald sets forth that the Fifth Amendment to the United States Constitution provides that "[n]o person … shall be compelled in any criminal case to be a witness against himself[.]" *Id*. at 3 (citing U.S. Const. amend. V). Judge Macdonald explains that the United States Supreme Court has determined the Constitution requires "that a person questioned by law enforcement officers after being 'taken into custody or otherwise deprived of his freedom of action in any significant way' must first 'be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.'" *Id*. (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966))). Judge Macdonald further explains that the Ninth Circuit Court of Appeals has held that "[t]o determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide 'whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *Id*. at 5 (quoting *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002) (quoting *Stansbury v. California*, 511 U.S. 318, 322, 144 S. Ct. 1526, 128 L. Ed. 2d 293 (1994))). "[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." *Id*. (quoting *Stansbury*, 511 U.S. at 323, 144 S. Ct. at 1529).

In light of the operative case law, Judge Macdonald found that Defendant was in custody at the time BPA Cameron asked him how many individuals were in the Truck. *Id*.

Magistrate Judge Macdonald rejected the government's argument that the public safety exception to *Miranda* applied. The government urged that the public safety exception applied because the safety of the people being smuggled was a priority. (Doc. 102 at 5-7.) Judge Macdonald explained that the Ninth Circuit Court of Appeals has held that "[i]n order for the public safety exception to apply, there must have been 'an objectively reasonable need to protect the police or the public from any immediate danger

associated with [a] weapon.'" (Doc. 102 at 6) (quoting *United States v. Martinez*, 406 F.3d 1160, 1165 (9th Cir. 2005) (quoting *New York v. Quarles*, 467 U.S. 649, 659 n. 8, 104 S. Ct. 2626, 81 L.Ed.2d 550 (1984); then citing *Allen v. Roe*, 305 F.3d 1046 1050 (9th Cir. 2002); then citing *United States v. Carrillo*, 16 F.3d 1046, 1049 (9th Cir. 1994); then citing *Fleming v. Collins*, 917 F.2d 850, 854 (5th Cir. 1990))). Judge Macdonald reasoned that the public safety exception did not apply in this case because when BPA Cameron questioned Defendant, the Truck had already been x-rayed and the individuals were already found. *Id*. at 7. Accordingly, Judge Macdonald found that BPA Cameron's question was "investigatory and sought to elicit testimonial evidence[,] . . . [it was] not aimed at controlling an immediate threat to public safety." *Id*. (quoting *United States v. Brady*, 819 F.2d 884, 888 (9th Cir. 1987)).

This Court agrees with Judge Macdonald's conclusions that Defendant was in custody at the time BPA Cameron asked him how many individuals were in the Truck and that BPA Cameron's question was investigatory. Thus, *Miranda* warnings were required. The Court also agrees with Judge Macdonald's conclusion that the public safety exception to *Miranda* does not apply.

The Court is satisfied that there is no clear error on the face of the record.

**IV.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED ACCEPTING AND ADOPTING IN FULL** Magistrate Judge Macdonald's Report and Recommendation (Doc. 102).

**IT IS FURTHER ORDERED GRANTING** Defendant's Motion (Doc. 76).

Dated this 28th day of April, 2021.

Honorable John C. Hinderaker
United States District Judge